# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**KENNETH G. STEEPROW,**

        **Plaintiff,**

**-vs-**                                                      Case No.  6:06-cv-611-Orl-31JGG

**STAFF LEASING COMPANY, ROOFING
COMPANY and GERALD HIRT,**

        **Defendants.**

_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

    This cause came on for consideration without oral argument on the following motions:

| | |
|---|---|
| **MOTION:** | **PLAINTIFF'S MOTION FOR TRANSFER (Doc. No. 1)** |
| **FILED:** | May 5, 2006 |
| **THEREON** it is **RECOMMENDED** that the motion be **DENIED**. | |

| | |
|---|---|
| **MOTION:** | **PLAINTIFF'S MOTION FOR LEAVE TO PROCEED** *IN FORMA PAUPERIS* **(Doc. No. 3)** |
| **FILED:** | May 5, 2006 |
| **THEREON** it is **RECOMMENDED** that the motion be **DENIED** for frivolousness. | |

| | |
|---|---|
| **MOTION:** | **MOTION TO DISMISS DEFENDANTS THE ROOFING COMPANY AND GERALD HIRT (Doc. No. 11)** |
| **FILED:** | May 18, 2006 |

**THEREON** it is **RECOMMENDED** that the motion be **DENIED** as moot.

Plaintiff Kenneth G. Steeprow, proceeding *pro se*, seeks leave to "transfer" (i.e. to remove to the district court an action which he had initiated in the Circuit Court for Brevard County, Florida). As grounds for removal, Steeprow alleges "willful racial bias by the lower court." Docket No. 1 at 1. The Clerk has dockted the motion as a "Notice of Removal." *Id.* Steeprow further seeks leave to proceed *in forma pauperis* after removal. Docket No. 3.

## I.   THE LAW

### A.   Removal

The procedure for removal to a federal court is governed by 28 U.S.C. §§ 1441 to 1452. The general rule in § 1441 states:

> Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court **of which the district courts of the United States have original jurisdiction**, may be removed by **the defendant or the defendants**, to the district court of the United States for the district and division embracing the place where such action is pending.

28 U.S.C. § 1441(a) (emphasis added). The removal statute should be construed narrowly, with all doubts resolved against removal. *Diaz v. Sheppard*, 85 F.3d 1502, 1505 (11th Cir. 1996); *see also Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 107-09 (1941). Section 1447 states that "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case **shall** be remanded." 28 U.S.C. § 1447(c) (emphasis added).

Only state court defendants, not plaintiffs, may remove a state action to federal court. *See* 18 U.S.C. 1446(a)[1]; *see also Shamrock Oil & Gas Corp.*, 313 U.S. at 104-05. Courts strictly interpret this rule to limit the right of removal to "true" defendants. *See, e.g., Chicago, R.I. & P.R. CO. v. Stude*, 346 U.S. 574, 580 (1954). For the purpose of removal, federal law governs which party is a plaintiff and which party is a defendant. *Id.* at 580. Further, defendants may remove only on the basis of claims brought against them, and not on the basis of counterclaims or cross-claims they assert in the state court action. *See Dixie Elec. Coop. v. The Citizens of the State of Ala.*, 789 F.2d 852, 857 (11th Cir. 1986) ("the mere fact that a party is denominated an 'additional counterclaim defendant' does not mean that a claim is asserted against that party for purposes of removal").

B.   Leave to Proceed *In Forma Pauperis*

1.   The Statute and Local Rules

The United States Congress has required that the district court review[2] a civil complaint filed *in forma pauperis*, and shall dismiss a complaint that is frivolous, malicious, or fails to state a claim. *See* 28 U.S.C. § 1915. The mandatory language applies to all proceedings *in forma pauperis.* The statute provides:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that --

---

[1] Section 1446(a) (emphasis added) provides, in pertinent part:

[a] **defendant or defendants** desiring to remove any civil action or criminal prosecution from a State court shall file in the district court of the United States for the district and division within which such action is pending a notice of removal . . . containing a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action.

[2] Section 1915A of 28 U.S.C. requires the district court to screen only prisoner's complaints. Nevertheless, the district court screens other complaints pursuant to 28 U.S.C. § 1915 (e)(2) and Local Rule 4.07 (a).

> (A) the allegation of poverty is untrue; or
> (B) the action or appeal --
>   (i) is frivolous or malicious;
>   (ii) fails to state a claim on which relief may be granted; or
>   (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915 (e)(2) (1996) (formerly § 1915 (d)).[3]

The Local Rules of the United States District Court for the Middle District of Florida also govern proceedings *in forma pauperis*. *See* Local Rule 4.07. Pursuant to Local Rule 4.07 (a), the Clerk dockets, assigns to a judge, and then transmits to the judge cases commenced *in forma pauperis*. Local Rule 4.07 (a). The district court assigns to United States Magistrate Judges the supervision and determination of all civil pretrial proceedings and motions. Local Rule 6.01 (c)(18). With respect to any involuntary dismissal or other final order that would be appealable if entered by a district judge, the United States Magistrate Judge may make recommendations to the district judge. *Id.* The Court may dismiss the case if satisfied that the action is frivolous or malicious under 28 U.S.C. § 1915, or may enter such other orders as shall seem appropriate. Local Rule 4.07 (a).

### 2. Discretion Under 28 U.S.C. § 1915

Section 1915 grants broad discretion to the district courts in the management of *in forma pauperis* cases, and in the denial of motions to proceed *in forma pauperis* when the complaint is frivolous.[4] *Clark v. Ga. Pardons and Paroles Bd.*, 915 F.2d 636, 639 (11th Cir. 1990); *Phillips v.*

---

[3] Also, a party may not take an appeal *in forma pauperis* if the trial court certifies in writing that it is not taken in good faith. 28 U.S.C. § 1915 (a)(3).

[4] At least one court of appeals views the Prisoner Litigation Reform Act of 1996 as removing some of a district court's discretion because it requires the district court to dismiss a case if it determines that the action or appeal is frivolous, malicious, or fails to state a claim under 28 U.S.C. § 1915 (e)(2). *See Walp v. Scott*, 115 F.3d 308 (5th

*Mashburn*, 746 F.2d 782, 785 (11th Cir. 1984). The pauper's affidavit should not be a broad highway into the federal courts. *Phillips*, 746 F.2d at 785; *Jones v. Ault*, 67 F.R.D. 124, 127 (S.D.Ga.1974), *aff'd without opinion*, 516 F.2d 898 (5th Cir. 1975). Indigence does not create a constitutional right to the expenditure of public funds and the valuable time of the courts in order to prosecute an action which is totally without merit. *Phillips*, 746 F.2d at 785*; Collins v. Cundy*, 603 F.2d 825, 828 (10th Cir. 1979).

### 3.  **Frivolous Actions Under 28 U.S.C. § 1915 (e)(2)(B)(i)**

A lawsuit is frivolous if the plaintiff's realistic chances of ultimate success are slight. *Clark*, 915 F.2d at 639. The trial court must determine whether there is a factual and legal basis, of constitutional or statutory dimension, for the asserted wrong. *Id.* A district court should order a § 1915 dismissal only when a claim lacks an arguable basis in law. *Neitzke v. Williams,* 490 U.S. 319, 325 (1989). Claims may lack an arguable basis in law because of either factual or legal inadequacies. *Id.*

### a.  *Frivolous Factual Allegations*

Factual allegations are frivolous for the purpose of § 1915 when they are "clearly baseless." *Denton v. Hernandez*, 504 U.S. 25, 32 -33 (1992), citing *Neitzke*, 490 U.S. at 325-28. The district court may dismiss even meritorious legal theories under § 1915 if the factual allegations in the complaint are "clearly baseless." *Denton*, 504 U.S. at 32 - 33. "Fantastic" or "delusional" allegations are examples of clearly baseless allegations. *Id*. Also, factual allegations in the complaint may be "clearly baseless" if they are contradicted by other allegations in the complaint. *Battle v. Cent. State*

---

Cir. 1997).

*Hosp.*, 898 F.2d 126, 130 n.3 (11th Cir. 1990), *aff'd without opinion after remand*, 114 F.3d 1200 (11th Cir. 1997).

Unsupported conclusory factual allegations also may be "clearly baseless." For example, a district court may properly dismiss a § 1983 complaint as frivolous pursuant to § 1915 where the complaint makes no particularized showing -- and provides no supporting operative facts -- in support of the naked assertion of a conspiracy between a state judge and private defendants. *Phillips v. Mashburn*, 746 F.2d 782, 785 (11th Cir. 1984) (insufficient state nexus under § 1983 without conspiracy); *accord, Sooner Products Co. v. McBride*, 708 F.2d 510, 512 (10th Cir. 1983). In *Phillips*, the Court of Appeals reasoned that the *in forma pauperis* plaintiff must provide an adequate basis for believing that such a conspiracy existed before the district court is required to compel the defendants to answer. *Phillips*, 746 F.2d at 785. This is necessary to protect the courts, state officials, and private defendants from malicious or frivolous suits filed by plaintiffs who lack an economic incentive to refrain from filing them. *Id.* (citing *Cruz v. Beto*, 405 U.S. 319, 326 - 27 (1972)); *accord, Denton*, 504 U.S. at 33.

If a complaint presents an arguable basis in law and asserts something other than fanciful factual allegations, the district court may not dismiss an action until the court has conducted a sufficient inquiry to determine whether the plaintiff's realistic chances of ultimate success are slight. *Clark*, 915 F.2d at 639; *Moreland v. Wharton*, 899 F.2d 1168, 1169 - 70 (11th Cir. 1990). To do otherwise -- i.e., to allow for *sua sponte* dismissal of in forma pauperis cases that present arguable legal or factual questions -- would be to condone differential judicial treatment of cases based solely on whether a litigant files a complaint accompanied by a filing fee or by an affidavit of indigence. *See Battle*, 898 F.2d at 129. If plaintiff's chances of ultimate success remain slight after sufficient inquiry,

the district court may then amply protect a nonprofessional pro se litigant by dismissing his suit without prejudice, and by allowing him to file a new complaint *in forma pauperis* that alleges sufficient facts to substantiate his claim. *Phillips*, 746 F.2d at 785.

### b.   *Frivolous Legal Theories*

Legal theories are frivolous when they are "indisputably meritless." *Neitzke*, 490 U.S. at 329; *Battle*, 898 F.2d at 129. Section 1915 authorizes the dismissal of "claims of infringement of a legal interest which clearly does not exist." *See Neitzke*, 490 U.S. at 327.

The district court may dismiss a complaint under § 1915 even if it states a claim for relief.[5] *Clark*, 915 F.2d at 639-40; *Jones v. Bales*, 58 F.R.D. 453, 463-64 (N.D.Ga. 1972), *aff'd for reasons stated in district court order*, 480 F.2d 805 (5th Cir. 1973); *see also Neitzke*, 490 U.S. at 326 - 29 (Rule 12 (b)(6) and former section 1915 (d) serve distinctive goals). It is an abuse of discretion, however, to conclude that an *in forma pauperis* case is frivolous -- realistically has no better than a slight chance of success -- because of weaknesses on the face of the complaint as long as the complaint presents an arguable basis in law and fact. A complaint which states a claim for the purposes of Rule 12 (b)(6) -- that is, one clearly having a basis in law -- may still be frivolous if it lacks an arguable basis in fact, for example, asserting fantastic facts. *Clark*, 915 F.2d at 639.

Even if the complaint legally states a claim, and the facts are not fantastic, a district court may nevertheless dismiss on grounds of frivolousness. For example, a §1915 dismissal is appropriate if

---

[5] The analysis for a dismissal for failure to state a claim on which relief may be granted under 28 U.S.C. § 1915 (e)(2)(B)(ii) is somewhat different from the analysis for a dismissal as frivolous under 28 U.S.C. § 1915 (e)(2)(B)(i). The language of § 1915 (e)(2)(B)(ii) tracks the language of Fed. R. Civ. P. 12 (b)(6), so the courts view the allegations in the complaint as true when assessing failure to state a claim under § 1915 (e)(2)(B)(ii). *Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997). A judge performing an examination for frivolity under § 1915 (e)(2)(B)(i), however, is not required to assume the truth of the allegations. *See Cofield v. Ala. Pub. Serv. Comm'n*, 936 F.2d 512, 515 (11th Cir. 1991).

an affirmative defense would defeat the action. *Id.* at 640. Also, the absolute immunity of the defendant would justify the dismissal of a claim as frivolous. *See Clark*, 915 F.2d at 640; *Fuller v. Ga. State Bd. of Pardons and Paroles*, 851 F.2d 1307, 1310 (11th Cir. 1988) (parole board members entitled to absolute quasi-judicial immunity from suit for damages); *Patterson v. Aiken*, 628 F.Supp. 1068, 1072 (N.D.Ga. 1985), *aff'd without opinion*, 784 F.2d 403 (11th Cir. 1986) (*in forma pauperis* complaint against federal district judges dismissed as frivolous because of absolute immunity); *Kimble v. Beckner*, 806 F.2d 1256, 1257 (5th Cir. 1986) (*in forma pauperis* suit against judge, prosecutor, and witnesses dismissed based on immunity given judicial officers); *see also Crisafi v. Holland*, 655 F.2d 1305, 1308 (D.C.Cir. 1981); *Franklin v. State of Oregon*, 563 F.Supp. 1310, 1324, 1332-33 (D. Ore. 1983), *aff'd in part and rev'd in part,* 745 F.2d 1221 (9th Cir. 1984). Res judicata and collateral estoppel are other affirmative defenses which justify dismissal of a claim as frivolous. *See Patterson*, 628 F.Supp. at 1076; *Wilson v. Lynaugh*, 878 F.2d 846 (5th Cir. 1989) (complaint dismissed because it reasserts allegations litigated in previous suit), *cert. denied,* 493 U.S. 969 (1989). The expiration of the statute of limitations is an affirmative defense the existence of which warrants a dismissal as frivolous. *See Franklin*, 563 F.Supp. at 1330, 1332. When the defense is apparent from the face of the complaint or the court's records, courts need not wait and see if the defense will be asserted in a defensive pleading. *Clark*, 915 F.2d at 640.

If an action seeks only money damages, and the Court knows that the defendant is judgment proof, a § 1915 dismissal might be appropriate. *Id.* at 641. If others had recently litigated an identical claim unsuccessfully, the district court may enter a § 1915 dismissal. It is possible that the district court may use § 1915 to bar suit where alternative remedies exist, even if these remedies might not ordinarily have to be exhausted to state a claim. *Id.* If a plaintiff has a long history of bringing

unmeritorious litigation, the district court can consider that fact in deciding to dismiss a questionable claim. *See Free v. United States*, 879 F.2d 1535, 1536 (7th Cir. 1989); *Wilson*, 878 F.2d at 849; *Franklin*, 563 F.Supp. at 1324.

## II.   APPLICATION

Plaintiff, a Florida resident, initially filed his complaint in the Circuit Court of Brevard County, Florida in May 2002. Docket No. 1 at 1. Plaintiff asserts fraud claims against three defendants: 1.) his former employer, Defendant Staff Leasing Company ("Staff Leasing"); 2.) The Roofing Company; and 3.) Gerald Hirt.[6] *See* Docket No. 2 (complaint). In 1997, Plaintiff fell and sustained injuries at work, and subsequently initiated claims for compensation under Florida Workers' Compensation Law. *Id.* at 2. In 2000, two more accidents at work exacerbated Plaintiff's injuries. *Id.* at 2-3. Although unclear, Plaintiff may have received some Workers' Compensation benefits and a settlement, to which he agreed, but now alleges that the settlement was the product of coercion. *Id.* at 2. According to Plaintiff, Staff Leasing then "entered into a conspiracy with Plaintiff's attorney to falsify medical reports, misrepresent facts to the court to diminish the value of the lawful [Workers' Compensation] claim and to coerce Plaintiff into a one-sided settlement agreement." *Id.* at 3, ¶ 9. Plaintiff's former attorney is not a defendant. Plaintiff seeks compensatory and punitive damages

---

[6]Plaintiff also includes The Roofing Company and Gerald J. Hirt as defendants in the caption of his complaint (the third amended complaint he filed in the state court action) and motion to transfer (notice of removal). In the text of the complaint, however, Plaintiff states that The Roofing Company and Hirt "were released from liability herein by [the Circuit Court of Brevard County] under workman [sic] compensation laws and by motion from Gerald Hirt." Docket No. 2 at 2. The Roofing Company, Hirt, and Plaintiff later confirm that The Roofing Company and Hirt were no longer parties to the state court action when Plaintiff filed his motion for transfer to this Court. On December 2, 2003, the state court granted partial summary judgment in favor of The Roofing Company and Hirt and remanded (on the ground that the the summary judgment order reduced amount in controversy) the remaining state claims to the County Court of Brevard County, Florida for separate proceedings *See* Docket No. 11.

from Staff Leasing, and perhaps from a number of other people who are not parties to either the state court or federal action.[7]

On May 5, 2006, Plaintiff filed a "Motion for Transfer of Cause Due to Nullity of Process and Bias in the Lower (Local) Court," which has been docketed as a Notice of Removal. Docket No. 1. Plaintiff asks that his state action be transferred to this Court because of a conspiracy between the presiding state court judge and Defendant Staff Leasing. Plaintiff alleges that racial bias of the attorneys and judges involved in the state action have caused a "nullity of the legal process in the Brevard County, Florida, Circuit Court." *Id.* at 1. In the motion to transfer, Plaintiff further seeks leave to add a number of judges and attorneys as defendants to the federal case after removal. *Id.* at 11.

On May 18, 2006, after Plaintiff filed the motion to transfer (notice of removal), Defendants The Roofing Company and Gerald Hirt filed a motion to dismiss (pursuant to Rule 12(b) of the Federal Rules of Civil Procedure) for lack of jurisdiction in the federal district court and on the basis of *res judicata*. Defendants argued that they were no longer parties to the state action when Plaintiff filed his notice of removal, and that Plaintiff confirmed that he intended only "to remove the action as it related to Staff Leasing." Docket No. 11 at 2, ¶ D.

Defendant Staff Leasing filed a response to Plaintiff's motion to transfer on May 24, 2006. Docket No. 12. In the response, Staff Leasing states that the state action went to trial in February 2006, with Judge Moxley entering a directed verdict in favor of Staff Leasing. *Id.* at 1. According

---

[7]Plaintiff demands, *inter alia*, compensatory damages in the amount of: $72,800 in Workers' Compensation benefits (less the sum Staff Leasing already paid Plaintiff); $6,448 for "medical insurance payments Staff Leasing forced Plaintiff to make to obtain treatment for injuries"; $60,000 "per week from September 1999 through present" in lost earnings; and $30,000 for the installation of a swimming pool for Plaintiff's physical therapy exercises. Docket No. 2 at 11. Plaintiff also seeks approximately $600,000 for his medical expenses. *Id.* at 11-12.

to Staff Leasing, "[t]he only remaining issue [in the state action] is a pending motion by Defendant for fees and costs." *Id.*

In the complaint and "motion to transfer," Plaintiff fails to state any basis for federal jurisdiction, and fails to state a claim for anything cognizable under federal subject matter jurisdiction. All of the claims are state claims.

The federal case should be remanded. First, this Court does not have original jurisdiction subject matter jurisdiction over the state court action. Second, Steeprow is a plaintiff, not a defendant. Moreover, it appears that the state action, with the exception of a motion for attorneys' fees and costs, has been resolved. Plaintiff cannot attempt to appeal the state court determination through removal to this Court. *See Ristuccia v. Adams,* 406 F.2d 1257 (9th Cir. 1969); *In re 73rd Precinct Station House in Borough of Brooklyn, City of New York,* 329 F. Supp. 1175, 1178 (E.D.N.Y. 1971).

Accordingly, Plaintiff's **MOTION FOR TRANSFER** [Docket No. 1] should be **DENIED,** and this action should be **REMANDED** pursuant to 28 U.S.C. § 1447(c) because the district court lacks subject matter jurisdiction. Further, although Steeprow appears to be indigent, his **APPLICATION TO PROCEED *IN FORMA PAUPERIS*** [Docket No. 3] should be **DENIED** for frivolousness. Defendants The Roofing Company and Gerald Hirt's **MOTION TO DISMISS** [Docket No. 11] should be denied as moot.

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on May 26, 2006.

JAMES G. GLAZEBROOK
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

The Hon. Gregory A. Presnell
Counsel of Record
Unrepresented Party
Courtroom Deputy